

August 12, 2024

The Honorable George C. Hanks, Jr.
United States District Court
Southern District of Texas
515 Rusk Avenue, Houston, Texas 77002

Re: Civil Action No. 4-24-CV-2565; *Fernando De Leon v. Harris County, Texas*; In the United States District Court for the Southern District of Texas, Houston Division.

Dear Judge Hanks,

In accordance with Rule 6.B.i of the Court's Procedures, Plaintiff Fernando De Leon submits this response to Defendant Harris County's pre-motion conference letter. (ECF 10).

This is a civil rights lawsuit against Defendant Harris County that stems from violations of the American with Disabilities Act ("ADA") and Rehabilitation Act ("RA") in the Harris County Jail. Plaintiff also alleges liability under 42 U.S.C. Section 1983 based on *Monell v. New York City Dept. of Social Services*, 436 U.S. 659, 694 (1978). On approximately July 9, 2022, Plaintiff Fernando De Leon was assaulted by another inmate while incarcerated in the Harris County Jail. Plaintiff was subsequently diagnosed with a clavicle fracture, epidural hematoma, and linear skull fracture at Ben Taub Hospital. Upon being released from the hospital Plaintiff was informed by orthopedic doctors and a neurosurgeon that he needed to be scheduled for surgery to reconstruct his collar bone and he was told not to lift anything over ten pounds for two months. Plaintiff was released from the hospital in a wheelchair and taken back to Harris County Jail.

When Plaintiff returned back to Harris County, Jailers Miller and Newsome took his wheelchair from him and placed him in a temporary single holding cell without providing a replacement wheelchair. Plaintiff was also assigned to a top bunk which required him to climb up to reach instead of a bottom bunk. Despite Plaintiff having made numerous officers aware of his obvious need for a wheelchair and bottom bunk – through both verbal notifications and written grievances – he was not provided with either. Further, Plaintiff was not taken to necessary medical follow ups or surgeries. This was due to the conditions of confinement at Harris County Jail of not providing disabled inmates, with required medical with required medical accommodations – such as wheelchairs, bottom bunks, and follow up care – causing them to suffer from more pain and punishment then non-disabled inmates. Additionally, these failures by Harris County amounted to violation of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act for refusing to provide Plaintiff with a wheelchair, bottom bunk, or follow up care.

The <u>ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff</u>. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Plaintiff has adequately pleaded that the ADA

applies to him since the ADAAA expanded the definition of disability under the ADA. The ADA was amended in 2008 by the ADAAA Amendments Act ("ADAAA") which "primarily focuses on broadening the definition of 'disability." *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013); *see ADA* Amendments Act, Pub. L. No. 110-325, 122 Stat. 3553 (2008) (codified as amended at 42 U.S.C. §§ 12101-12117); *Patton v. eCardio Diagnostics* LLC, 793 F. Supp. 2d 964, 968 (S.D. Tex. 2011))), cert. denied, ––– U.S. ––––, 141 S. Ct. 662, 208 L.Ed.2d 272 (2020). To qualify as an ADAAA disability, plaintiffs must prove the impairment substantially limits a major life activity. 42 U.S.C. § 12102(a)(1). The regulations make it clear that "effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ix).

The regulations provide a non-exhaustive list of major life activities which includes performing manual tasks, seeing, walking, standing, speaking, concentrating, and communicating. 29 C.F.R. § 1630.2(i)(1)(i). Plaintiff sufficiently pleaded he is a qualified individual with a disability under the expansion of what constitutes a disability under the ADAAA due to his loss of mobility after he sustained his injuries which required him to use a wheelchair. The remedies, procedures, and rights available under the Rehabilitation Act parallel those available under the ADA." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020). Thus, precedent interpreting or applying the ADA applies with equal force to a claim under the RA.

Plaintiff pleaded sufficient facts to show he was wrongfully denied accommodations by reason of his disability based on the following: Harris County failed to accommodate Plaintiff by confiscating his wheelchair when he returned from Ben Taub Hospital and refusing to provide Plaintiff with a replacement wheelchair and instead confining him to a single cell with a top bunk. Instead of accommodating Plaintiff's needs, Plaintiff was denied adequate accommodations available to others that would have prevented his pain and suffer, i.e., the provision of a wheelchair and bottom bunk. The harm to Plaintiff was preventable by providing Plaintiff with accommodations like the wheelchair he needed and a bottom bunk he did not have to climb to the top to reach. Because of Plaintiff being injured and wheelchair bound and Harris County's refusal to provide him with a replacement wheelchair after confiscating it or a bottom bunk, Plaintiff did not receive accommodations like all other non-disabled inmates in the Harris County Jail.

Similarly, Defendant discriminated against Plaintiff in violation of Section 504 by refusing to provide Plaintiff with a replacement wheelchair after confiscating it or a bottom bunk. Defendant declined to exhaust any effort to assist or accommodate Plaintiff and instead did nothing – despite multiple grievances requesting reasonable accommodations. "A plaintiff proves a failure to accommodate by showing that the disability and its consequential limitations were known by the covered entity, and the entity failed to make reasonable accommodations." *Valentine v. Collier*, 993 F.3d 270, 290 (5th Cir. 2021). Instead of accommodating Plaintiff's needs, Plaintiff was denied adequate accommodations available to others that would have prevented his injuries, namely by providing him with a wheelchair or bottom bunk. The harm to Plaintiff was preventable by allowing him to have accommodations like a wheelchair or bottom bunk. Because of Plaintiff's need for a wheelchair and bottom bunk and Defendant's refusal to provide him a wheelchair or bottom bunk, Plaintiff was not able to receive medically necessary accommodations like all other

non-disabled inmates in the Harris County Jail. The ability to provide plaintiff with a wheelchair and bottom bunk were available – especially given that <u>Plaintiff had his wheelchair</u> confiscated and was not provided accommodation in any other manner. These facts, viewed in a light most favorable to the Plaintiff state a plausible claim for relief under the ADA and RA.

Plaintiff sufficiently pleaded liability under *Monell*. The *Shepherd, Montano*, and J*ones* cases cited in the Original Complaint as clearly established law demonstrate Plaintiff sufficiently alleged he did not receive a replacement wheelchair after his was confiscated due to Defendant's custom and practice of failing to provide disabled inmates requiring a wheelchair access to a wheelchair subjecting them to more pain and punishment than non-disabled inmates. *See Montano v. Orange Cnty., Tex.*, 842 F.3d 865, 875 (5th Cir. 2016); *Shepherd v. Dallas County*, 591 F.3d at 445, 452 (5th Cir. 2009); *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 609 (E.D. La. 1998). Plaintiff asserted there is a practice of not providing wheelchairs to inmates who require them – as Jailer Miller, Jailer Newson, Officer Diaz, and the officers and medical personnel employed at the Harris County Jail who received and reviewed Plaintiff's grievances requesting a wheelchair all continued denying him a wheelchair. A condition may "reflect an unstated or de facto policy, as evidenced by a pattern of acts or omissions 'sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice.'" *Shepherd*, 591 F.3d at 452.

As noted by the Fifth Circuit, "specific [prior] examples are not required to meet the 'conditions or practice' element" when there is consistent testimony of jail employees, *Montano,* 842 F.3d at 875 ("Given the striking uniformity of the jail employees' testimony, further evidence was not required for a reasonable juror to infer a de facto policy for conditions or practices."), or the policy maker knows about a misconduct yet fails to take remedial action, *Sanchez v. Young County*, 956 F.3d 785 (5th Cir. 2020). <u>When multiple employees act in the same unconstitutional manner, that is indicative of a de facto policy:</u> *See Sanchez*, 956 F.3d at 793 (finding that evidence that the county's written policies were ignored created fact-issues as to whether the jail had a de facto policy of inadequately monitoring intoxicated detainees). In this regard, Plaintiff pleaded this was more than an isolated incident as multiple employees acted in the same unconstitutional manner to deny him access to a wheelchair.

                                                                Respectfully submitted,

                                                                */s/ Breanta Boss*
                                                                BREANTA BOSS
                                                                Palmer Perlstein