IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FERNANDO DE LEON,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-2565 |
| **HARRIS COUNTY, TEXAS** | § § § | |
| *Defendant.* | § § § | |

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

## TABLE OF CONTENTS

I.  NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

II.  STATEMENT OF THE ISSUES ................................................................................. 2

III.  SUMMARY OF ARGUMENT .................................................................................... 2

IV.  STANDARD OF REVIEW ......................................................................................... 2

V.  ARGUMENT ................................................................................................................ 3

   A.  Disability ............................................................................................................... 4

   B.  *Monell* & Conditions of Confinement ................................................................. 7

VI.  CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORTIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 2, 3
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 2, 3
*Bell v. State Prison Officials*,
  2024 WL 2863293 (5th Cir. 2024) ........................................................................ 6
*Cabeen v. Thomas*,
  409 Fed.Appx. 776 (5th Cir. 2011) ...................................................................... 10
*Cadena v. El Paso Cnty.*,
  946 F.3d 717 (5th Cir. 2020) ......................................................................... 4, 7, 9
*Cannon v. Jacob Field Svcs.*,
  813 F.3d 586 (5th Cir. 2016) ................................................................................. 5
*Cruz v. R2Sonic*,
  405 F.Supp.3d 676 ................................................................................................. 5
*Epley v. Gonzalez*,
  860 Fed.Appx. 310 (5th Cir. 2021) ........................................................................ 4
*Feliz v. El Paso Cnty.*,
  441 F. Supp. 3d 488 (W.D. Tex. 2020) ................................................................. 7
*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) ................................................................................. 3
*In re Enron Corp.*,
  761 F.Supp.2d 504 (S.D. Tex. 2011) .................................................................. 5, 8
*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986) ................................................................................. 2
*Leal v. McHugh*,
  731 F.3d 405 (5th Cir. 2013) ................................................................................. 3
*Lyons v. Katy ISD*,
  964 F.3d 298 (5th Cir. 2020) ................................................................................. 4
*Martinez v. Nueces Co.*,
  71 F.4th 385 (5th Cir. 2023) ............................................................................. 7, 8
*Melton v. Dallas Area Rapid Transit*,
  391 F.3d 669 (5th Cir. 2004) ................................................................................. 4
*Monell v. New York City Dept. of Social Services*,
  436 U.S. 658 (1978) ..................................................................................... 1, 7, 8
*Morin v. Caire*,
  77 F.3d 116 (5th Cir. 1996) ................................................................................... 2
*Nottingham v. Richardson*,
  499 F.App'x 368 (5th Cir. 2012) ........................................................................... 7
*Peterson v. City of Fort Worth*,
  588 F.3d. 838 (5th Cir. 2009) ............................................................................ 7, 8

*Quadvest, L.P. v. San Jacinto River Authority*,
 7 F.4th 337 (5th Cir. 2021) ................................................................................................ 5, 8
*Schorsch v. Kwarteng*,
 2024 WL 894280 (S.D. Tex. 2024) ......................................................................................... 5
*Shaw v. Villanueva*,
 918 F.3d 414 (5th Cir. 2019) .................................................................................................. 3
*Smit v. SXSW Holdings, Inc.*,
 903 F.3d 522 (5th Cir. 2018) ............................................................................................. 5, 8
*Stratton v. Jackson State Univ.*,
 2021 WL 1268381 (S.D. Miss. 2021) ..................................................................................... 5
*Street v. Maverick Tube*,
 2016 WL 8711338 (S.D. Tex. 2016) ....................................................................................... 4
*Summerlin v. Patton*,
 2018 WL 4603274 (S.D. Tex. 2018) ....................................................................................... 8
*U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*,
 355 F.3d 370 (5th Cir. 2004) ............................................................................................. 5, 8
*Williamson v. American Nat. Ins. Co.*,
 695 F.Supp.2d 431 (S.D. Tex. 2010) ....................................................................................... 4
*Willis v. Noble Environmental Power, LLC*,
 143 F.Supp.3d 475 (N.D. Tex. 2015) ...................................................................................... 4
*Wilson v. Seiter*,
 501 U.S. 294 (1991) ................................................................................................................ 8

**Statutes**

42 U.S.C. §1983 ....................................................................................................................... 1, 2, 7

**Rules**

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 2
Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 2

TO THE HONORABLE JUDGE HANKS:

Defendant Harris County files this motion to dismiss under Fed. R. Civ. P. 12(b)(6), and shows the Court the following:

## I.  NATURE AND STAGE OF PROCEEDINGS

1. Plaintiff filed suit on July 9, 2024. Docket Entry (DE) 1. The crux of Plaintiff's complaint is that he was injured while in the jail. Plaintiff claims those injuries constituted a disability covered by the ADA and Rehabilitation Act. Plaintiff alleges his disabilities required accommodations to include a wheelchair and being assigned a bottom bunk. Plaintiff claims Harris County jail personnel failed to accommodate his disabilities and failed to provide medical care. He sues under the Americans with Disabilities Act, Rehabilitation Act and 42 U.S.C. §1983 based on *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

2. In compliance with Court Procedure 6.B.i, on August 5, 2024, after conferring with Plaintiff, Defendant requested a pre-motion conference to address pleading defects and sought permission to file a 12(b)(6) motion. DE 10.

3. The Court held a hearing on August 22, 2024, and ordered Plaintiff to file an amended complaint by September 23, 2024. DE 14.

4. Plaintiff filed his First Amended Complaint on September 23, 2014.  DE 18.

5. On October 1, 2024, in compliance with Court Procedure 6.B.i, after conferring with Plaintiff, Defendant requested a second pre-motion conference for a potential 12(b)(6) motion and sought leave to file a motion to dismiss.

6. On October 21, 2024, the Court granted Defendant leave to file a motion to dismiss.

## II.  STATEMENT OF THE ISSUES

7. Whether Plaintiff pled sufficient facts to state claim against Harris County under the Americans with Disabilities Act and/or Rehabilitation Act (collectively referred to as the ADA) based on Defendant's failure to allow Plaintiff a wheelchair, a bottom bunk, or provide follow up medical care.

8. Whether Plaintiff pled sufficient facts to state conditions of confinement claim against Harris County under 42 U.S.C. 1983 based on Defendant's failure to allow Plaintiff a wheelchair, a bottom bunk, or provide follow up medical care.

## III.  SUMMARY OF ARGUMENT

9. Plaintiff's factual allegations show does not have an ADA disability. Therefore, he is not covered by the Americans with Disabilities or Rehabilitation Acts.

10. Plaintiff's factual allegations show did not have a doctor's order for a wheelchair or a bottom bunk.  Therefore, Defendant did not violate the Americans with Disabilities Act, Rehabilitation Acts, the Constitution by failing to provide a wheelchair or bottom bunk.

11. Defendant's custom, policy, and practice is to provide necessary medical care. Any failure to do so is an anomaly.

## IV.  STANDARD OF REVIEW

12. This court must take all well-pleaded facts as true when considering a motion to dismiss. If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. See Fed. R. Civ. P. 12(b)(6). See *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

13. "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft*, 556 U.S. at 678-679. In short, the Plaintiff must plead plausible facts which if true, would impose liability on the Defendant. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

14. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions are not sufficient. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

## V. ARGUMENT

15. Defendant incorporates DE 10 and 19 by reference. Plaintiff failed to allege sufficient facts to support his claims against Harris County. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Civil rights cases have a heightened pleading standard. *Id.* Plaintiff's allegations are largely conclusory. The scant facts Plaintiff pled abrogate his claims.

16. Further, Plaintiff makes several allegations based on information and belief. DE 18, p. 13, 14, and 19. These allegations are conclusory as a matter of law. They are not allegations of facts. They are allegations of what Plaintiff hopes is true. The use of the phrase "on information and belief" is an admission Plaintiff cannot plead facts.

### A. Disability

17. In order to invoke the protection of the Americans with Disabilities Act, Plaintiff must allege a qualifying disability. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004) and *Epley v. Gonzalez*, 860 Fed.Appx. 310, 312-13 (5th Cir. 2021). The same analysis applies to the Rehabilitation Act. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020). The statutes are interpreted identically. *Id.* For ease of reference, Defendant refers to these statutes collectively as the ADA.

18. Plaintiff alleges he suffered a clavicle fracture, epidural hematoma, and skull fracture. DE 18 p. 2. The court may take judicial notice that all of these injuries are at or above Plaintiff's shoulder level. Plaintiff claims these conditions amount to disabilities under the ADA. Plaintiff does not allege any of these conditions were permanent. In fact, Plaintiff alleges his medical provider merely restricted Plaintiff from lifting more than 10 pounds for two months. DE 18 p. 2. Plaintiff's allegation that he was disabled per the ADA is conclusory.

19. Plaintiff's allegations show the ADA does not apply to him. The ADA does not apply to transitory conditions like Plaintiff's fractures. Thus, Plaintiff is not "disabled" as a matter of law, and the ADA has no application. *See*, *e.g. Lyons v. Katy ISD*, 964 F.3d 298, 302-303 (5th Cir. 2020) (impairment lasting 6-8 weeks is transitory and minor and is not an ADA disability as a matter of law.); *Street v. Maverick Tube*, 2016 WL 8711338 *6 (S.D. Tex. 2016) (broken foot and limp for several weeks is not an ADA disability.); and *Willis v. Noble Environmental Power, LLC*, 143 F.Supp.3d 475, 484 (N.D. Tex. 2015) (short term transitory condition is not an ADA disability); *Williamson v. American Nat. Ins. Co.*, 695 F.Supp.2d 431, 448 (S.D. Tex. 2010) (short term impairments like broken bones are not ADA disabilities).

20.     Further, the cases Plaintiff cites in DE 18, p. 22-23 confirm that Plaintiff's transitory conditions of fractures, a lifting restriction, access to a bottom bunk, and access to a wheelchair are not covered by the ADA.

21.     For example, *Schorsch v. Kwarteng*, 2024 WL 894280, *1 (S.D. Tex. 2024) involves ulnar nerve damage that caused <u>permanent</u> atrophy. Plaintiff's restriction was for two months.

22.     And, *Cannon v. Jacob Field Svcs.*, 813 F.3d 586, 588 (5th Cir. 2016) involves an unsuccessful rotator cuff surgery that resulted in <u>permanent</u> limited the range of motion in the shoulder. Plaintiff's lifting restriction was for two months.

23.     In *Stratton v. Jackson State Univ.*, 2021 WL 1268381, *5 (S.D. Miss. 2021) the Court granted summary judgment in favor of the employer because Plaintiff could not show the duration of his lifting restriction. Therefore, there was no evidence he was disabled when he was terminated.

24.     In *Cruz v. R2Sonic*, 405 F.Supp.3d 676, 682 and 687 (W.D. Tex. 2019) the Plaintiff's lifting restriction had no end date.  I.e. it was permanent. Here, Plaintiff's lifting restriction was for two months.

25.     In addition, the records Plaintiff incorporated into the complaint do not show a medical professional ordered a wheelchair or bottom bunk for Plaintiff. And Plaintiff's allegations in the complaint actually contradict the medical and grievance records.

26.     Under 12(b)(6), when an exhibit contradicts an allegation, the exhibit controls. The allegation is ignored. *See Quadvest, L.P. v. San Jacinto River Authority*, 7 F.4th 337, 346 (5th Cir. 2021); *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528 (5th Cir. 2018); *U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *In re Enron Corp.*, 761 F.Supp.2d 504, 518 (S.D. Tex. 2011). The records in the complaint show:

    a. Plaintiff did not have a medical order for a wheelchair, a bottom bunk, or a mobility restriction. DE 18, p. 5-6. Further, the records do not document a condition that would require a wheelchair or a bottom bunk. Plaintiff's injuries are all at the shoulder level or higher. Plaintiff does not explain how his conditions necessitated the accommodations he sought.

    b. Plaintiff's grievance regarding the wheelchair acknowledges wheelchairs are not prohibited in the jail. DE 18, p. 7. Other inmates had wheelchairs. Plaintiff only need provide medical documentation for a wheelchair.

    c. Plaintiff grieved because he had a <u>floor</u> level bunk and sought a second mattress. He did not ask for a bottom bunk. He did not grieve about being in a top bunk. DE 18, p. 7.

    d. Plaintiff alleges he received emergency care and grieved about missing scheduled follow-up appointments. DE 18, p. 7. Since he had scheduled follow-up appointments, the <u>policy or practice</u> was—obviously—to provide medical care, not deny it. Missing the appointments was the outlier, not the norm. Plaintiff alleges no facts showing otherwise. Conclusions are not sufficient.

27. Plaintiff alleges he was left to crawl on the floor for weeks, but he does not allege he was unable to walk. Plaintiff does not allege an injury, condition, or disability that prevented him from walking. Nor does he allege any facts showing how a lifting restriction affected his ability to access a top bunk. And recall, his grievances do not complain about being assigned a top bunk.

28. The 5th Circuit held that the ADA is a discrimination statute. Mere failure to treat a disabled prisoner is not a violation of the ADA. *Bell v. State Prison Officials*, 2024 WL 2863293,

*6 (5th Cir. 2024) and *Nottingham v. Richardson*, 499 F.App'x 368, 377 (5th Cir. 2012). Plaintiff has not pled any facts amounting to discrimination. He simply makes conclusory allegations.

29.     Plaintiff has not alleged sufficient facts to show he is disabled as defined by any applicable law.  Thus, any claim predicated on Plaintiff being disabled, whether §1983, ADA and/or the Rehabilitation Act fails as a matter of law. Further, the medical records and grievance records completely vitiate Plaintiff's claims regarding his requested accommodations and a policy of denying medical care.

### B.     *Monell* & Conditions of Confinement

30.     To succeed on a conditions-of-confinement claim, a plaintiff must satisfy a three-element test, proving: (1) a rule or restriction or the existence of an identifiable intended condition or practice or that the jail official's acts or omissions were sufficiently extended or pervasive; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of the inmate's constitutional rights. *Feliz v. El Paso Cnty.*, 441 F. Supp. 3d 488, 498 (W.D. Tex. 2020). *See also Cadena v. El Paso Cnty*, 946 F.3d 717, 7272-28 (5th Cir. 2020). Plaintiff did not allege any facts sufficient to support any of these elements.

31.     Plaintiff has not pled sufficient facts to show Harris County denied medical care, a wheelchair, or a bottom bunk due to a Harris County custom, policy, practice, rule, etc. A single incident does not show a policy, pattern, practice, custom, etc. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978) and *Peterson v. City of Fort Worth*, 588 F.3d. 838, 851 (5th Cir. 2009). . Allegations of a pattern must be specific, sufficiently numerous, and pertain to similar incidents. *Martinez v. Nueces Co.*, 71 F.4th 385, 389 (5th Cir. 2023). Plaintiff cannot simply rely on prior bad acts. Plaintiff must allege a pattern of <u>similar</u> violations. *Id.*

32.     So, assuming Plaintiff was wrongfully denied medical care, a wheelchair, or a bottom bunk, the factual allegations show this was an isolated incident—not a policy. Thus, there can be no

*Monell* liability. Negligence and mistakes do not amount to civil rights violations. *See*, e.g., *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) and *Fielder v. Bosshard*, 590 F.2d.105, 107 (5th Cir. 1979), and *Summerlin v. Patton*, 2018 WL 4603274 *2 (S.D. Tex. 2018).

33. Plaintiff alleges that a Texas Commission on Jail standards report dated <u>March 8, 2023</u>, finding the Jail failed to follow a <u>physician's orders</u> in <u>December 2022</u>, somehow gave Harris County notice of Plaintiff's issues that arose in <u>July and August 2022</u>. This allegation is not sufficient to show notice. A <u>single</u> dissimilar event that occurred 4-5 months <u>after</u> Plaintiff's allegations, does not provide notice sufficient to support Plaintiff's *Monell* claim. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Peterson v. City of Fort Worth*, 588 F.3d. 838, 851 (5th Cir. 2009) and *Martinez v. Nueces Co.*, 71 F.4th 385, 389 (5th Cir. 2023). In addition to the incongruous sequence of events, the other inmate had a physician's order, unlike Plaintiff's alleged need for a wheelchair and bottom bunk.

34. Again, the records Plaintiff incorporated into the complaint do not show a medical professional ordered a wheelchair or bottom bunk for Plaintiff. In addition, Plaintiff's allegations in the complaint actually contradict the medical and grievance records. Thus, the exhibit controls over Plaintiff's allegations. *See Quadvest, L.P. v. San Jacinto River Authority*, 7 F.4th 337, 346 (5th Cir. 2021); *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 528 (5th Cir. 2018); *U.S. ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *In re Enron Corp.*, 761 F.Supp.2d 504, 518 (S.D. Tex. 2011). The records cited in the complaint show:

    a. Plaintiff did not have a medical order for a wheelchair, a bottom bunk, or a mobility restriction. DE 18, p. 5-6. Further, records do not document a condition that would require a wheelchair or a bottom bunk. Plaintiff's injuries are all at the shoulder level

or higher. Plaintiff does not allege he was missing limbs or that he had some other obvious condition that would require the accommodations he sought.

    b.  Plaintiff's grievance regarding the wheelchair acknowledges wheelchairs are not prohibited in the jail. DE 18, p. 7. Plaintiff notes that other inmates have access to wheelchairs. Plaintiff failed to provide medical documentation for a wheelchair.

    c.  Plaintiff grieved because he had a <u>floor</u> level bunk and sought a second mattress. He did not ask for a bottom bunk. He did not grieve about being in a top bunk. DE 18, p. 7. And he did not provide medical documentation indicating he required bottom bunk.

    d.  Plaintiff alleges he received emergency care and grieved about missing scheduled follow-up appointments. DE 18, p. 7. Since he had scheduled follow-up appointments, the conditions of confinement / policy or practice was to provide medical care, not deny it. Plaintiff received treatment. Missing the appointments was the outlier, not the norm. Plaintiff alleges no facts showing otherwise. Conclusory allegations are not sufficient.

35.    Plaintiff alleges he was left to crawl on the floor for weeks. But he does not allege he was unable to walk. Plaintiff does not allege an injury, condition, or disability that prevented him from walking. Nor does he allege any facts showing how a lifting restriction affected his ability to access a top bunk. And recall, his grievances do not request a bottom bunk.

36.    Plaintiff does not allege sufficient facts to show *Monell* liability under any theory. He cannot show a policy or practice of denying wheelchairs or denying bunk assignments. He cannot show a policy or practice of denying medical care. His own records show he received medical care. He cannot show a pattern of similar incidents. The one other incident he refers to occurred after Plaintiff's allegations and is not similar to his allegations. See *Cadena v. El Paso County*,

946 F.3d 717, 728 (5th Cir. 2020) (complaints about the quality of medical care, disagreement about care, and medical malpractice are not §1983 violations). Simply missing appointments is not a constitutional violation. *Cabeen v. Thomas*, 409 Fed.Appx. 776, 778 (5th Cir. 2011). Plaintiff has certainly not pled sufficient facts to show missing appointments was a Harris County policy or practice.

## VI.   CONCLUSION

Plaintiff has not alleged sufficient facts to invoke the jurisdiction of this Court. The factual allegations show the ADA does not apply to Plaintiff, there was no medical order for a wheelchair or a medical order for a bottom bunk, and Plaintiff's allegations show he received medical care. No civil rights, ADA, or Rehabilitation Act claim for the failure to provide a wheelchair, bottom bunk, or medical care can succeed against Harris County based on these allegations. Plaintiff's claims should be dismissed with prejudice.

Wherefore, Defendant prays that the Court dismiss Plaintiff's lawsuit with prejudice and for all other legal and equitable relief to which Defendant is entitled.

Date: October 23, 2024

       Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS
Respectfully submitted,

By:   */s/ Frank Ford*
     **FRANK FORD**

Assistant County Attorney
ATTORNEY-IN-CHARGE
Federal ID No. 565385
State Bar No. 24012642
Phone: (832) 570-7582 (direct)
Frank.ford@harriscountytx.gov
**FELICIA E. MASON**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 224136653
Federal ID. No 3891009
Tel: (713) 274-5228
Felicia.mason@harriscountytx.gov
**OFFICE OF THE HARRIS COUNTY ATTORNEY**
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

*/s/ Frank Ford*
FRANK FORD