IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERNANDO DE LEON, | § | |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-2565 |
| | § | |
| HARRIS COUNTY, TEXAS | § | |
| | § | |
| *DEFENDANT.* | § | |

## DEFENDANTS HARRIS COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT

TO THE HONORABLE JUDGE HANKS:

Defendant Harris County files this reply to Docket Entry (DE) 25, Plaintiff's response to the Motion to Dismiss Amended Complaint under Fed. R. Civ. P. 12(b)(6), and show the Court the following:

1. Plaintiff's response to the Motion to Dismiss is inadequate. Both the response and the First Amended Complaint are heavy on legal citations and light on facts. Given the heightened pleading standard in a civil rights case this is a grave problem for Plaintiff.

2. Plaintiff must allege facts that show a 42 U.S.C. 1983 claim against the Movant is <u>plausible</u>, not merely possible. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) and *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009). Plaintiff's allegations fail in this regard. The factual allegations are conclusory and largely vitiate Plaintiff's causes of action.

3. It appears Plaintiff is taking the position that he alone determines whether he meets the legal definition of disabled and he alone determines what accommodations are necessary. Apparently, every injury or condition is a disability if a Plaintiff so desires and accommodations need not bear any logical relationship to the disability.

1

4. However, the legal authority shows Plaintiff is not disabled. His allegations show he suffered from fractures and bruising and the sole limitation the medical provider gave him was a 10-pound lifting restriction for two months. Plaintiff does not meet the criteria for a disability under the even the broadened definition of disability pursuant to the American with Disabilities Act Amendments Act of 2008. *See Lyons v. Katy ISD*, 964 F.3d 298, 302-303 (5th Cir. 2020) (impairment lasting 6-8 weeks is transitory and minor and is not an ADA disability as a matter of law.); *Street v. Maverick Tube*, 2016 WL 8711338 *6 (S.D. Tex. 2016) (broken foot and limp for several weeks is not an ADA disability.); and *Willis v. Noble Environmental Power, LLC*, 143 F.Supp.3d 475, 484 (N.D. Tex. 2015) (short term transitory condition is not an ADA disability); *Williamson v. American Nat. Ins. Co.*, 695 F.Supp.2d 431, 448 (S.D. Tex. 2010) (short term impairments like broken bones are not ADA disabilities). The fact that a lifting restriction could be a disability under different circumstances is meaningless. The severity of an impairment and the length of time an impairment lasts matter. And, Plaintiff simply does not meet the criteria to be disabled. At best Plaintiff is alleging a possible—but implausible—claim.

5. Further, Plaintiff has not alleged sufficient facts to show a disability that would require the accommodations Plaintiff demands. There is no doctor's order for a wheelchair or a bottom bunk. There is no diagnosis that indicates Plaintiff needed a wheelchair or a bottom bunk. Plaintiff's claimed accommodations do not bear any logical relationship to the claimed disability. Alleging—without any medical support—that a broken collar bone requires a wheelchair and a bottom bunk is as conclusory as it gets. It defies logic and common sense.

6. Plaintiff never alleges he was required to lift more than 10 lbs. He never alleges his property weighed more than 10 lbs. Plaintiff was in <u>jail</u> where property typically consists of ramen noodles and legal papers. He was not wandering around the jail with luggage.

7.     Plaintiff never alleges <u>how</u> a lifting restriction translates into an inability to access a top bunk. Plaintiff would not "lift" himself into a top bunk. He would pull or push himself into a top bunk. Lifting, pulling, and pushing are not the same motion and involve different muscle groups. (This idea is the foundation of physical therapy and weight training.) A lifting restriction does not preclude other movements or motions. Plaintiff never alleges <u>why</u> he was legally entitled to a bottom bunk. Plaintiff never alleges the height of the top bunk. Further, Plaintiff's grievance referenced in the complaint refers to a floor level bunk.

8.     Plaintiff never alleges <u>why</u> he needed a wheelchair due to the injuries and limitations documented in the medical records. Plaintiff does not allege why he was unable to walk. Plaintiff was in jail. He is not entitled to wheelchair simply because he wanted one.

9.     As for the alleged missed follow up appointments, Plaintiff obviously received medical care. He filed a grievance about missing follow up appointments. At best, Plaintiff's allegation is that his care was delayed—not denied. Plaintiff pleads zero facts that show Defendant routinely denied medical care. Plaintiff was taken to the hospital. Plaintiff had scheduled follow up appointments. Clearly, medical care was available. Plaintiff missed an appointment. Plaintiff grieved. This shows the conditions of confinement are to provide medical care and give inmates the opportunity to grieve if they think they are not receiving appropriate care. There is nothing in Plaintiff's <u>factual</u> allegations—not conclusory statements—that indicates Defendant denies medical care as a matter of course. Plaintiff's allegations indicate a missed appointment was a departure from the norm.

10.    Plaintiff's allegations of a pattern must be specific, sufficiently numerous, and similar incidents. *Martinez v. Nueces Co.*, 71 F.4th 385, 389 (5th Cir. 2023). Plaintiff cannot simply rely on prior bad acts. Recall, Plaintiff's allegations arise out of his incarceration in the summer of

3

2022. Plaintiff refers to a Texas Commission on Jail Standards report dated March 8, 2023. The language of the report included in the Complaint shows an issue involving one inmate that was first noted in December 2022. This issue arose <u>after</u> Plaintiff's allegations. This single dissimilar event that occurred months after Plaintiff's allegations did not provide notice to Defendant, nor does it show a pervasive problem. In fact, it shows, at best, two unrelated and isolated incidents.

11. Plaintiff attempts to rely on allegations in other legal proceedings to show notice and/or conditions of confinement. Plaintiff must plead <u>facts</u>. *Iqbal* at 678. The allegations in other legal proceedings are not "facts" and are not sufficient to defeat a 12(b)(6) motion. The Court may not consider factual allegations outside of the complaint. *Dorsey v. Portfolio Equities, Inc.* 540 F.3d 333, 338 (5th Cir. 2008); *Hernandez v. Baylor University*, 274 F.Supp.3d 602, 609 (W.D. Tex. 2017). *See also* Fed. R. Evid. 201. Further, legal proceedings or other allegations regarding events that pre-date Sheriff Gonzalez' administration have no relevance.

## CONCLUSION

12. Plaintiff's complaint does not even meet the requirements of Fed. R. Civ. P. 8(a), much less the heightened pleading standard required in a civil rights case. Plaintiff cannot show he was disabled under the law. Plaintiff cannot show the accommodations he demands bear any reasonable relationship to his claimed disability. Plaintiff cannot show that Defendant discriminated against him in any way. Plaintiff cannot show that Defendant's policy or the conditions of confinement in the jail led to denial of medical care as a matter of course.

13. Plaintiff's allegations show, at best, two incidents separated by several months. And, the second incident occurred <u>after</u> Plaintiff's allegations. Plaintiff's claims under the Americans with Disabilities Act, Rehabilitation Act, and 42 U.S.C. §1983 fail as a matter of law. There are no allegations sufficient to show a disability. And the allegations actually abrogate a §1983 claim.

14. This lawsuit is borderline frivolous based on the facts Plaintiff alleged. Defendant's Motion to Dismiss should be granted and Plaintiff's claims should be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County requests that the Court grant the motion and enter an order dismissing Plaintiff's claim against Harris County with prejudice and grant all other relief to which Defendant is entitled.

    Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT
**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS
Respectfully submitted,

By: */s/ Frank Ford*
**FRANK FORD**
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
Federal ID No. 565385
State Bar No. 24012642
Tel: (832) 570-7582 (direct)
frank.ford@harriscountytx.gov
**FELICIA E. MASON**
Assistant County Attorney
ATTORNEY TO BE NOTICED
State Bar No. 224136653
Federal ID. No 3891009
Tel: (713) 274-5228
Felicia.mason@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

   I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the parties.

             */s/ Frank Ford*
             FRANK FORD