UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FERNANDO DE LEON,** | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-2565 |
| **HARRIS COUNTY, TEXAS,** | § | |
| *Defendant.* | § | |

**PLAINTIFF'S MEMORANDUM OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiff Fernando De Leon who files this Memorandum of Law.

I. **Summary of the Case**

This is a civil rights action brought by Plaintiff Fernando De Leon against Harris County, Texas, (hereinafter "the County" or "Harris County") alleging violations of the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and 42 U.S.C. §1983 pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). On or about July 9, 2022, while incarcerated in the Harris County Jail, Plaintiff was assaulted by another inmate and transported to Ben Taub Hospital, where he was diagnosed with a clavicle fracture, epidural hematoma, and linear skull fracture. Hospital physicians advised that he required reconstruction of his collarbone and restricted him from lifting more than ten pounds for two months. Plaintiff was discharged back to the Jail. Plaintiff alleges that upon his return, Jailers Miller and Newsome confiscated his

Plaintiff's Memorandum of Law 1

wheelchair and assigned him to a top bunk despite his medical restrictions. Plaintiff further contends he notified multiple officers verbally and through grievances about his need for accommodations including a bottom bunk and that he was not provided with these accommodations and he was not transported to necessary follow-up medical appointments and surgery. Plaintiff claims that Harris County wrongfully denied these accommodations due to the conditions of confinement at the Jail of not providing disabled inmates with required medical accommodations such as bottom bunks, and follow up medical care, causing them to suffer from more pain and punishment than non-disabled inmates. Plaintiff requests compensatory damages as well as attorneys' fees and costs of court.

Harris County denies there is any pattern, practice, policy, or custom of denying accommodations for disabled inmates or that any conditions of confinement violate the U.S. Constitution, the ADA, or RA. The County denies that Plaintiff had any medical order or other justification for a wheelchair or bottom bunk and that Plaintiff required surgery to repair this clavicle. Harris County denies Plaintiff suffered from a disability that required an accommodation, that Plaintiff requested a reasonable accommodation based on his alleged disabilities, or that Harris County denied a reasonable accommodation. Further, Defendant contends Plaintiff had access to necessary medical care and/or Harris County did not prevent Plaintiff from obtaining medical care. Harris County further contends that Mr. DeLeon refused medical care on multiple occasions and denies Plaintiff is entitled to damages, attorney fees or court costs.

II.   **Legal Authority**

Municipalities and other local governments are "persons" within the meaning of Section 1983 and can therefore be held liable for violating a person's constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Plaintiff invokes the "conditions of confinement" theory of liability against Harris County, Texas for his injuries. *Flores v. Cnty of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir 1997). Plaintiff's conditions of confinement theory of liability challenges the conditions, practices, rules or restrictions of pretrial confinement imposed by Defendant Harris County that, together, "impose[] what amounts to punishment in advance of trial." *Sanchez v. Young Cnty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017).

A challenge to a condition of confinement is a challenge to "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare v. City of Corinth*, 74 F.3d 633, 644–45 (5th Cir. 1996). As has been explained, "if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment that may not constitutionally be inflicted upon detainees.'" *Bell v. Wolfish*, 441 U.S. 520, 539 (1979); *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019).

To prove a conditions of confinement claim, the plaintiff must show (1) a rule or restriction, an intended condition or practice, or a de facto policy as evidenced by sufficiently extended or pervasive acts of jail officials, (2) not reasonably related to a legitimate governmental objective, and (3) that violated [the detainee's] constitutional rights. *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452, 454–55 (5th Cir. 2009). In the Fifth Circuit, a conditions of confinement claim "requires no showing of specific intent on the

part of the [municipality]." *Sanchez*, 866 F.3d at 279; *Edler v. Hockley Cnty. Comm'rs C*t., 589 F. App'x 664, 669 (5th Cir. 2014) ("[U]nlike an episodic-act-or-omission claim, a plaintiff is not required to prove deliberate indifference."). Although an unlawful condition or practice is often explicit, a "formal, written policy is not required." *Montano v. Orange Cnty., Tex*., 842 F.3d 865, 875 (5th Cir. 2016); *see Shepherd*, 591 F.3d at 452.

A condition may "reflect an unstated or de facto policy, as evidenced by a pattern of acts or omissions 'sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice.'" *Shepherd*, 591 F.3d at 452 (quoting *Hare,* 74 F.3d at 645). As noted by the Fifth Circuit, "specific [prior] examples are not required to meet the 'conditions or practice' element" when there is consistent testimony of jail employees, *Montano*, 842 F.3d at 875 ("Given the striking uniformity of the jail employees' testimony, further evidence was not required for a reasonable juror to infer a de facto policy for conditions or practices."), or the policy maker knows about a misconduct yet fails to take remedial action, *Sanchez*, 956 F.3d at 793–94. When multiple employees act in the same unconstitutional manner, that is indicative of a de facto policy. See *Sanchez*, 956 F.3d at 793.

Under Texas law, Sheriffs are "final policymakers" in the area of law enforcement for the purposes of holding a county liable under § 1983. *James v. Harris Cty*, 577 F.3d 612, 617 (5th Cir. 2009); citing *Williams v. Kaufman County*, 352 F.3d 994, 1013 (2003). It is uncontested that Sheriff Ed Gonzalez is the policymaker for Harris County, Texas. Plaintiff alleges Sheriff Ed Gonzalez was the Sheriff and policymaker for Harris County with respect to the jail in 2022 when Harris County, Texas had a custom and practice of

failing to provide disabled inmates necessary medical accommodations such as wheelchairs, bottom bunks, or follow up appointments subjecting them to more pain and punishment than non-disabled inmates.

Both Title II of the ADA and Section 504 of the RA contain similar language designed to prevent the exclusion of disabled persons from public services and programs. Pertaining to the ADA, 42 U.S.C Section 12132 states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Pertaining to the RA, 29 U.S.C. Section 794(a) states "no otherwise qualified individual with a disability" shall "be excluded from the participation in, be denied the benefit of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Defendant Harris County, Texas does not contest it is a public entity subject to the ADA and it receives federal money, making it subject to Rehabilitation Act requirements. § 12131(1)(A)–(B); 29 U.S.C. § 794(a).

To state a claim, Plaintiff De Leon must demonstrate (1) that he is a qualified individual with a disability, (2) that Harris County, Texas, is a "public entity (for ADA purposes) or receives federal funding (for RA purposes), (3) that he was denied the benefit of a service, program, or activity provided by Harris County, or was otherwise discriminated against by Harris County, and (4) the denial was by reason of his disability. *Hale v. King*, 642 F.3d 492, 499) (5th Cir. 2011). At trial we will argue that Defendant Harris County, Texas, had a responsibility to provide reasonable accommodations for Mr.

Plaintiff's Memorandum of Law 5

De Leon's disability, as "both the ADA and the Rehabilitation Act impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Cadena v. El Paso* Cnty., 946 F.3d 717, 724-25 (5th Cir. 2020) "For this type of claim, a plaintiff must show that the entity knew of the disability and its consequential limitations, either because the plaintiff requested an accommodation or because the nature of the limitation was open and obvious." *Id*. at 725.

"A plaintiff's requested accommodation must also be 'reasonable,' meaning that it does not impose undue financial or administrative burdens or fundamentally alter the nature of the service, program, or activity." *Id*. Whether an accommodation is "reasonable" requires consideration of various factors, such as: (1) the size, facilities, and resources of an entity, (2) the nature and cost of the accommodation, (3) the extent to which the accommodation is effective in compensating for the person's disability, and (4) whether the accommodation would require a fundamental alteration in the nature of an entity's program. program." *Frazier v. Wilkie*, 2021 WL 2828246, at *3 (S.D. Tex. June 22, 2021), rec. adopted, 2021 WL 2823111 (S.D. Tex. July 9, 2021) (emphasis added); see *also Wells v. Thaler*, 460 F. App'x 303, 313 (5th Cir. 2012) (finding accommodation reasonable because it was "effective"). As defined by the ADA, a disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); see also *Jenkins v. Cleco Power*, LLC, 487 F.3d 309, 315 (5th Cir. 2007); *Cutrera v. Bd. of Supervisors of La. State Univ*., 429 F.3d 108, 111 (5th Cir.2005). Section 504 incorporates the ADA's definition of disability. 29 U.S.C. § 705(20)(B).

Plaintiff's Memorandum of Law 6

Significantly, Congress amended the ADA with the ADA Amendments Act of 2008. (ADAAA) to substantially expand the definition of disability. See Pub. L. 110-325, 122 Stat. 3443. The Fifth Circuit has recognized that, while not specifically listed in the Equal Employment Opportunity Commissions regulations, "major life activities could include lifting, reaching, sitting, or standing." *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 725, n. 7 (5th Cir.1995). "Major life activities refers to those activities that are of central importance to most people's everyday lives." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). For example, the Fifth Circuit in Jenkins found that Plaintiff Jenkins was disabled within the meaning of the ADA because over the course of the day his ability to sit was more restricted than the average person. *Id.* at 315 citing 29 C.F.R. § 1630.2(j)(1)(ii).

Jenkins' complained of injury was a fractured left femur that resulted in some permanent deformity to his leg and difficulty with motion and weight bearing and caused his leg to lock. this limited his physical capacity to perform tasks, including the ability to sit for extended periods. *Id*. at 312. Per se disabilities do not exist under the ADA or Rehabilitation Act, so a plaintiff must allege facts demonstrating the actual and substantial impact of the impairment on a major life activity. *Griffin v. United Parcel Serv., Inc*., 661 F.3d 216, 223 (5th Cir. 2011). Accordingly, "[d]etermining whether a plaintiff has a disability ... requires an individualized assessment of the impact of the impairment on an individual's major life activities." *Mueck v. La Grange Acquisitions, L.P.,* 75 F.4th 469, 479 (5th Cir. 2023)

In this case, Mr. De Leon was disabled within the meaning of the ADA with regard to his major life activities of lifting. *Dutcher*, 53 F.3d 723, 725, n. 7; *Jenkins*, 487 F.3d at 313-314. He was diagnosed with a clavicle fracture, epidural hematoma and linear skull fracture after being assaulted by another inmate. Mr. De Leon was told by orthopedic doctors and a neurosurgeon that he needed to be scheduled for surgery to reconstruct his collar bone. Plaintiff was also instructed not to lift more than ten pounds for two months and advancements in activity would be provided at follow up visits. He was assigned to a top bunk which required him to lift his property as well as himself up to get on his bunk, instead of being assigned the reasonable accommodation of a bottom bunk. His injuries are not minor or temporary injuries because they required surgery, the restriction lasted for at least two months, and this affected his ability to ambulate safely, or lift basic items while in his cell.

This failure to accommodate was in noncompliance of his discharge order not to lift anything over ten pounds for two months. Further, Plaintiff was not taken to necessary medical follow ups or surgeries as prescribed in his discharge orders from Ben Taub. As a result, Plaintiff was left to crawl around in pain for over three weeks due to being assigned a top bunk that he could not access. As the Supreme Court has made clear, "failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion[.]" *Tennessee v. Lane*, 541 U.S. 509, 531 (2004); *Tellis v. LeBlanc*, No. CV 18-541, 2022 WL 22861739, at *53 (W.D. La. Nov. 1, 2022) ("A defendant's failure to make reasonable modifications for the unique needs of disabled inmates can qualify as intentional discrimination."). The "Fifth Circuit has held that a defendant's failure to make

the reasonable modifications necessary to adjust for the unique needs of disabled persons can constitute intentional discrimination under the ADA." *Cleveland v. Gautreaux*, 198 F. Supp. 3d 717, 746 (M.D. La. 2016).

]I]n the prison context, "failure to make reasonable accommodations to the needs of a disabled prisoner may have the effect of discriminating against that prisoner because the lack of an accommodation may cause the disabled prisoner to suffer more pain and punishment than non-disabled prisoners." *U.S. v. Georgia*, 546 U.S. 151, 157, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006) ("[I]t is quite plausible that the alleged deliberate refusal of prison officials to accommodate [the inmate's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted 'exclu[sion] from participation in or ... deni[al of] the benefits of the prison's 'services, programs, or activities.' "). If a defendant attempts to accommodate a disability, then intentional discrimination requires knowledge 'that further accommodation was necessary.'" See *Smith v. Harris Cnty., Texas*, 956 F.3d 311, 319 (5th Cir. 2020) (citing *Cade*na, 946 F.3d at 726).

The failure to accommodate Plaintiff was due to the conditions of confinement at Harris County Jail of not providing disabled inmates with necessary medical accommodations such as bottom bunks and follow up care causing them to suffer from more pain and punishment than non-disabled inmates. Although the precise definition of intentional discrimination is still unresolved in the Fifth Circuit, "the Fifth Circuit has made it clear that a defendant's failure to make reasonable accommodations to the needs of disabled persons can constitute intentional discrimination under the ADA and the

Rehabilitation Act." *Borum v. Swisher Cnty.*, No. 2:14-CV-127-J, 2014 WL 4814541, at *9–11 (N.D. Tex. Sept. 29, 2014) (citing *Melton v. Dall. Area Rapid Transit,* 391 F.3d 669, 672 (5th Cir. 2004); *Tennessee v. Lane*, 541 U.S. 509, 531, 124 S. Ct. 1978, 158 L.Ed.2d 820.

In addition, to recover compensatory damages, a plaintiff must show "intentional discrimination." *Delano-Pyle*, 302 F.3d at 574. This generally "requires that the defendant at least have actual notice of a violation." *Miraglia v. Bd. of Supervisors of the La. State Museum*, 901 F.3d 565, 575 (5th Cir. 2018). At trial we will argue, Plaintiff repeatedly informed multiple jail officers both verbally and through written grievances of his need for a wheelchair, bottom bunk restriction, and continued medical care.

Respectfully submitted,

 */s/ James P. Roberts*

JAMES P. ROBERTS,
Attorney-in-charge
Texas Bar No. 24105721 Federal ID No. 3244213

BREANTA BOSS,
Of counsel
Texas Bar No. 24115768
Federal ID No. 3738118

SCOTT H. PALMER
Of counsel
Texas Bar No. 00797196
Federal ID No. 1751291

**PALMER PERLSTEIN**
15455 Dallas Parkway, Suite 540
Addison, Texas 75001

Telephone: 214.987.4100
Facsimile: 214.922.9900

james@palmerperlstein.com
scott@palmerperlstein.com
breanta@palmerperlstein.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was forwarded to all counsel of record, in a manner authorized by Rule 5, of the Federal Rules of Civil Procedure, on December 5, 2025.

*/s/James P. Roberts*
JAMES P. ROBERTS